Our final case is number 232185, Lynk Labs, Inc. v. Home Depot, U.S.A. Okay, Mr. McBride. Thank you, Your Honors. May it please the Court, I'm Steve McBride, the Patent Owner of Lynk Labs, and with me are Jim Carmichael and Steve Schreiner. Can I just ask you a preliminary question, which is, you've heard the options we discussed in terms of how we would handle the first case. Does that have, what we do in the first case, have any bearing about anything going on in this case? So, in the first case, I think, as briefed, the District Court's construction of forward voltage was not challenged. Here we are challenging the District Court's construction of forward, or I'm sorry, the Board's construction of forward voltage. So, that's the only issue, is that we have argued that the Board's construction of forward voltage is incorrect here. And that may have an impact on the other case, depending on what that construction is. Does that make sense, Your Honor? Just go ahead. Okay. We believe that the final written decision should be reversed without remand. The appeal has two issues of alleged impossibility. First, they're for Claims 4, 11, and 18. And second, for Claims 3, 10, and 17. Both of these issues are essentially claim interpretations, so they are to no avail. In both cases, the Board is interpreting facially possible claims as impossible. That is, the claims, when you read them, are clearly possible, and the Board has come up with interpretations that render them impossible. Constructions that create impossibility should be viewed with extreme skepticism. For the first set of claims, the limitations at issue are directed to an arrangement similar to a desk lamp. You have an LED lighting device, which is Claims 4, 11, and 18. We have an LED lighting device. It comprises a switch, so a switch is part of the device, and the switch is connected. It is connected between the power source and the lighting device. This is similar to a desk lamp, a desk lamp that has a switch and has a wire to the wall. That's all this is. That's all the limitation of Claims 4 is talking about. A desk lamp is not impossible. For the second set of claims, the claim language requires at least two different DC forward voltages. The Board has created impossibility by construing two different DC forward voltages to mean one single voltage, and that's the Board's construction of the forward voltages, the minimum forward voltage, as interpreted by Petitioner to mean one single minimum forward voltage. So going back to Claims 4, 11, and 18, the Board has interpreted these claims to create impossibility when none exists. Again, Claim 1 requires an LED lighting device comprising a switch. This is, for example, a desk lamp that has a switch. You just take it out of the box and stick it on your desk and plug it in. Claim 4, which is at issue, recites the LED lighting device of Claim 1, so that's the desk lamp, wherein the switch is connected between the AC voltage power source and the LED lighting device. So in this case, you have a switch that is part of the desk lamp. So if you lose on the claim construction, you lose, period, right? Yes, impossibility is entirely a claim construction issue, so if the claims are impossible, we do not have to argue that, but we believe that the claims are facially possible, if that makes sense, Your Honor. So the desk lamp has a switch, and the switch has a connection that runs from the lamp to the power source. And Patent and Order has shown how these claims could be possible. It's shown annotations at page 15 of Appellant's brief, for example, which illustrates an arrangement similar to a desk lamp that is clearly possible. Anybody reading the claim without first assuming that the claim is impossible understands that this is what Appellant is, what applicant is claiming. And neither the petitioner nor the board ever squarely addresses Patent and Order's interpretation here. It's something like a desk lamp that is connected to a power source. The petitioner argues that the claim requires the switches both within the LED lighting device and at the same time external to the LED lighting device. But those words aren't in the claims. The claims simply require that the LED lighting device comprises the switch, that it's part of the switch, and that the switch is connected to the AC power source. It's connected between, I'm sorry, the LED lighting device and the AC voltage power source. It does not require that the switch itself is between the LED lighting device and the AC voltage power source. This court's precedent is clear that claims do not- So why was the board wrong in looking to the predecessor patent prosecution history for a definition of forward voltage that shows its minimum operative voltage? Right. Thank you, Your Honor. First of all, to clarify, that's for Claims 3, 10, and 17. It doesn't really address Claims 4, 11, and 18, so that's a separate issue. The problem, the reason the board was wrong is because the claims require at least, and now I'm talking about Claims 3, 10, and 17, at least two different DC forward voltages. That's what the claim requires. So when we have a claim here that is obvious, is clearly possible, you can have two different DC forward voltages to a circuit. That's all the claim requires. There's two LED circuits, and you provide more than one voltage to both of them. That's all we're doing, switching from 3 volts to 3 1⁄2 or 4 volts, whatever. That's clearly possible. The board's construction of minimum voltage as a single minimum directly contradicts the plain language of the claims. So they are starting with the prosecution history rather than the plain language. I don't understand what you're saying. I mean, two forward voltages means two different voltages that are minimum for the operation of the LED circuit. I take Your Honor's point. That's not the way the petitioner is interpreting it. They're saying that this claim cannot be possible because at least two different DC forward voltages cannot exist because you can only ever have one single forward voltage to a circuit. The problem is, this case is presented to us on a simple question with respect to these claims, as to whether the construction of forward voltage is correct or not. You seem to be straying into arguments that go beyond that. My question to you is, why isn't forward voltage properly construed based on the prosecution history of this predecessor path? Because that is a prosecution history disclaimer. So it has to be clear and unmistakable.  No. Now there are... I don't think so. I mean, it's just what's the meaning of the claim. And if there's a statement by the patentee that the claim means such and such in a predecessor patent using the same language, that seems to carry over under our cases. Well, Your Honor, I think one point with that is that we have to start with the claim language. And we are taking a construction that directly contradicts the clear language of the claims, which says at least two different DC forward voltages. That's what the claim language says. The prosecution history is directly contradicting that. And there's case law that says a construction that renders the claimed invention inoperable, as here, that the board and the petitioner are arguing, should be viewed with extreme skepticism. That's the Talbot fuel systems case. We've cited that in our briefing. There are several other cases that cite to that and other cases along those lines we've cited. The talk about the starting point needs to be the claim language. And then when we look at the prosecution history, that's after the claim language and specification. And there you have to have a clear and unmistakable disavowal. The disavowal here is not clear or unmistakable. Why isn't this a lexicography argument? I mean, just the title we want to put on it, or whatever you put on it, we need clear. Why isn't this just lexicography, which is a term we use to say, yes, there's a definition. Yes, Your Honor. And when you look at Phillips, when you look at Thorner, when you look at the cases talking about prosecution history disclaimer, whether it's lexicography or disavowal you want to talk about, it's basically the same standard. You're limiting the claim based on something that's said in the prosecution or specification. So it's two sides of a coin, essentially, whether you call it lexicography or prosecution history disclaimer, since this is in the prosecution. In a prosecution history disclaimer, you have to have a clear and unmistakable disavowal. Let's assume we reject that proposition. That's not how I read the cases. How I read our cases is saying that you can interpret the claim in the light of the prosecution history. That's what Phillips says. That's what they're doing here. They're saying the claim in the context of the prosecution history was said to mean by the patentee minimal operating voltage. We think that same definition applies here, since it's a related patent. What's wrong with that? Your Honor, setting aside the contradiction with the claim language itself, when you look at the prosecution history, it's talking about as used in Claim 1 of the patent, of the claim in the parent application at that time. It's talking about, it's cabining what it says in the prosecution history to that parent application. So that's one point. Let me get organized here. Yeah, there are a couple of different things in that prosecution history that are different. It's a different situation that it's talking about. It's not talking about whether two different DC forward voltages means a single minimum forward voltage. It's talking about, in that application, the prosecution history, whether forward voltage from a wall outlet, like AC mains, is a forward voltage. That's what that statement's talking about. It's not saying that there can't ever be two different forward voltages to an LED circuit. That's the first thing. It involves different prior arts, not really that important here, but the prior art there was different than anything in the PGR. And the third issue is here, whether the claim specifically required two different forward voltages. In the claim language at issue in the prosecution history, the claims at issue there were, quote, a forward voltage of 6 volts or greater. So the claim language there is talking about one single, arguably one single voltage. I don't know. We haven't, that issue hasn't been addressed squarely, what the applicant actually meant in the context of those claims. But these claims are materially different because you have two different DC forward voltages. So there, the patent applicant was talking about one single forward voltage. Here, the patent applicant is talking about two different DC forward voltages. Does the definition of forward voltage itself change? Or is it just there's, in one scenario, there's one forward voltage, which is the minimum to do whatever for that. And then the two forward voltages, the definition for voltage is still the same. It's the minimum to accomplish something. But that minimum may be two different values because there's two different forward voltages. Your Honor, I think that that's a question and that's a problem with the board's construction. It's because it is just saying you can only ever have one minimum voltage across an LED circuit. And now what we've construed... No, that didn't answer my question. I want to know what's wrong with the definition of or the term forward voltage as a minimum voltage, blah, blah, blah. Is that an okay definition? It seems to me your problem is not so much with that definition, but how they then applied it to the two forward voltage claim language or whatever. Yes, that is a part. You're absolutely right, Your Honor. That is a part of the issue, is the application to the language. So is it proper to define forward voltage as the minimum and then spin out from there? I don't have the exact language. We don't think that's the right, the correct. I think when we look back at what the applicant was actually saying in the prosecution history, the document it's citing, it said forward voltage defines the minimum. So it's actually saying it's the minimum or greater until you reach that point where the LED blows out. That's what the document, the bald engineer document that we've cited in our... I don't understand the difference between what I said and you just said. If forward voltage is the minimum, the minimum by itself includes that it can be above. If that's not explicit, that certainly seems to me what the board meant, that forward voltage is the minimum to do something. The minimum or above? Yes, yes. I think that with that understanding, I think that is something that the patent owner agrees with, the minimum or above. It's a certain range of voltages that you apply to operate the circuit, the LED. We used operating. Our construction with forward voltage is the operating voltage. But if you have a certain, you start at the minimum and then you go to wherever is safe for the LED or LED circuit before the voltage gets too high and the LED burns out, that's what we're thinking of forward voltage at. That's what our operating forward voltage is, which is, as Your Honor explained, the minimum or above. How is that different from what the board's construction is? They're interpreting the minimum here to be one single, and that's the petitioner, page 30, for example. That's a different construction than what forward voltage means. That's a construction of the construction. Well... Let me just ask you this. At least according to my notes, the minimum, the definition of forward voltage is the minimum voltage difference required between the anode and cathode LEDs in the claimed circuit to allow current to flow through the LEDs. What's your problem with that? Because the way, well, as you've elaborated, Your Honor. No, no, no. Is that a proper construction of forward voltage? With the understanding the forward voltage can be the minimum or greater. Yes, yes. The understanding it is not just one single voltage for an entire LED circuit that might have 10 LEDs. Under that construction, you'd lose the last case, right? Well, Your Honor, I don't think that's... I don't want to comment on the last case, as that makes sense, Your Honor. But I think that we did dispute below in the last case the construction for forward voltage, and I think in the last case there's some realization that the forward voltage is the minimum or greater. But here, for this final written decision, the Board is assuming that construction means one minimum voltage can ever be applied to a circuit. Okay. I think we're out of time. We'll give you two minutes. Great. Thank you, Your Honor. Mr. Erickson? May I please the Court? Brian Erickson for Appellee Home Depot. The Court correctly construed the term forward voltage based on the disclaimer and definition in the file history. If the Court affirms that construction, then there's no dispute that claims 3, 10, and 17 are invalid and the 341 patent is eligible for post-grant review. The Board's correction was correct and should be affirmed because the definition and disclaimer is clear and unambiguous. In the appendix at page 2153, you see the claim at issue at the time recited a forward voltage of 6 volts or greater. The prior art Colby reference disclosed a voltage of 120 volts, and it was an operating voltage. The LEDs worked in Colby, so that's 120 volts as an operating voltage. To distinguish Colby, they put forward voltage in quotes and defined it, as was previously read into the record, as the minimum voltage difference required between the anode and cathode of the LEDs in the claimed circuit to allow current to flow through the LEDs. Based on that definition, they distinguished Colby. They said, well, 120 volts is operating. It's clearly working, but there's no evidence that that was the minimum voltage, and so they did define forward voltage to be limited to the minimum voltage, and that was the only basis they had to distinguish Colby, and it worked, and that claim was granted. The context, the limitation is identical. Forward voltage is identical in both patents, and the context in which it's used is identical. It's describing an electrical property of an LED circuit, and in fact, it's the exact same LED circuit. If you look at the appendix at page 2153, the parent patent that was at issue at the time of the disclaimer claimed the first operating LED circuit and at least one additional LED circuit. Those are the exact same LED circuits claimed in the child patent in the claims that are at issue here, so we have the exact same claim term using the exact same context to define an electrical characteristic, an electrical property of an LED circuit, so the context is identical, and it means it's only the minimum. There is one value for that LED circuit. It's just the minimum. It's not the minimum or greater. The minimum or greater would include all the operating voltages, such as the 120 volts in Colby, so this definition was clear. It's unambiguous. It was the only basis to distinguish Colby, and it should be applied in the child patent, which uses the same term in the same context, and in fact, in the appendix at page 3112, this child patent, the claims that are at issue now, were rejected for obvious type double patenting over these claims in the parent and were allowed after the terminal disclaimer, so the context is identical. The claim term is identical. The express definition and disclaimer should be applied, and the board's construction should be affirmed, and there's no dispute. Under the board's construction, there's no dispute that the claims 3, 10, and 17 are invalid, and the patent is eligible for post-grant review. There are no questions about the forward voltage claims. I'll move to the other claims. Go ahead. The board correctly held that dependent claims 4, 11, and 18 contradict the independent claims from which they depend and therefore are invalid as indefinite and as lacking written description and enablement. Claim 1 defines the LED lighting device to include the switch. Claim 1 also recites that that LED lighting device is configured to connect to an AC voltage power source, so Claim 1 has defined the two endpoints already and said they're configured to be connectable. Claim 4 then recites that the switch is connected between the AC power voltage source and the LED lighting circuit, so Claim 4 takes the two endpoints that were defined by Claim 1 and says the switch is connected between those two endpoints. The board correctly recognized that that contradicted the definition in Claim 1 that defined the switch to be part of one of those endpoints. It can't be one of the endpoints and be connected between the two endpoints. The board did not construe the term per se. No one petitioner or patent owner has offered a formal construction of this term. The board didn't formally construe it. The board just applied the claim as written and recognized the contradiction. There are no other questions. The appellee respectfully requests the court affirm the board's decision and I'll return the remainder of my time. Okay, thank you. Mr. McBride. Thank you, Your Honor. So, turning first to Claims 4, 11, and 18, I think this highlights what our problem with the board's decision was, is the claim doesn't require the switch to be between the LED lighting device and the power source. It just requires the switch to be connected between the two. It just requires the connection, like a power cord or a plug or something like that, to be between the power supply and the device itself. So you could have a lamp with a switch attached to it that has a wire running out of it to the wall to a power source, and that switch is connected between the lighting device and the power supply. With respect to Claims 3, 10, and 17 and the claim construction issue, I think, again, we do agree with Your Honor, Judge Hughes, that it's the minimum or greater. There is not one single minimum voltage. That's not what the applicant was trying to say in the prosecution history. He was just trying to distinguish that forward voltage does not generate AC mains. And that was the one issue we decided. So a forward voltage of 6 volts or greater, as used in the prosecution history, is materially different than the claim language here, which is at least two different DC forward voltages. And with that, Your Honors, if you have no further questions, I'll conclude our presentation. Okay. Thank you. Thank you, both counsel and cases submitted. That concludes our session for this morning.